UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDUARDO CARDOSO DA SILVA, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>DAVID WESLING et al., )<br>)<br>    Respondents. )<br>) | Civil No. 25-13756-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

December 11, 2025

SOROKIN, J.

Eduardo Cardoso Da Silva, a citizen of Brazil who is in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

In September 2021, the petitioner (then fifteen years old) and his family entered the United States without inspection. Doc. No. 1 ¶¶ 1, 3. He was promptly arrested by border patrol officers, but they elected to release him and institute full (not expedited) removal proceedings. Id. ¶¶ 1–2. Those decisions were memorialized in various orders uniformly invoking 8 U.S.C. § 1226. See Doc. No. 1-4 to -6; see also Doc. No. 1-3 at 1 (designating petitioner "an alien present in the United States" and not an "arriving alien," and leaving blank other boxes associated with § 1225). He has resided in the United States ever since, apparently complying with the law and the conditions of his release and working as a landscaper. Doc. No. 1 ¶ 4. On December 8, 2025, the petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers and has been detained since then. Id. ¶ 5.

The day of his arrest, the petitioner instituted this action. Doc. No. 1. His habeas petition raises a challenge that echoes those alleged by petitioners in other cases this Court has decided over the past several months. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. In an abbreviated memorandum answering the petition, the respondents "submit that the legal issues presented in the Petition are similar to those recently addressed by this Court" in Garcia and Encarnacion, and they acknowledge that the Court "would reach the same result here" if it "follow[ed] its reasoning" in those prior cases. Doc. No. 7 at 1. They incorporate their earlier briefing by reference and suggest no further argument is necessary before the Court renders a decision. Id. at 1 & n.3.

The Court adheres to its prior reasoning—which at least a dozen judges in this District have also applied repeatedly, as have scores of judges nationwide in hundreds of cases to date—and concludes in light of the respondents' concession that the petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b). See Mem. Op. at 10 & n.22, App'x A, Barco Mercado v. Francis, No. 25-cv-6582-LAK (S.D.N.Y. Nov. 26, 2025), ECF No. 28 (collecting cases); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (same); see also DeAndrade v. Moniz, No. 25-cv-12455-FDS, 2025 WL 2841844, at *6 (D. Mass. Oct. 7, 2025) (finding that if immigration authorities invoked mechanisms available under § 1226 rather than § 1225, they may not later "turn back the clock"). He is entitled to a bond hearing.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release the petitioner unless he is provided a bond hearing under 8 U.S.C.

2

§ 1226(a) **by December 17, 2025**;[1] 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition; and 3) the respondents shall file a status report no later than December 19, 2025, describing their compliance with this Order.

                                              SO ORDERED.

                                              /s/ Leo T. Sorokin
                                              United States District Judge

---

[1] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk. Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).